ABIGAIL WARD, ET AL. *v.* WM. J. WARD, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—522.]

**Lien for Purchase-Money.**
    One who has bought land and made a payment only thereon, can
not recover the land on the idea that the parol sale was denied. All
that such a purchaser is entitled to is to enforce his lien and he can,
only by paying the balance of the purchase money, obtain a deed.

APPEAL FROM MARTIN CIRCUIT COURT.

January 8, 1885.

OPINION BY JUDGE PRYOR:

    In this case the appellees' original action was in the nature of
an ejectment to recover the land in controversy. By an amended
petition it is alleged that he had sold the land to the ancestor of
appellant's by parol and had received a part of the purchase money.
The widow and heirs of the party in possession who it is alleged by
appellee have purchased from him deny that any such sale was
made and say that their ancestor owned the land and invested the
appellee with the legal title so that he might sell it for him, and that
it was in fact their land. On the hearing of the case the proof con-
duced to establish and did in fact show a parol sale of the land to
the ancestor of the appellants and a payment of part of the purchase
money. The court below gave judgment for the recovery of the
land itself on the idea that the parol sale was denied of the appel-
lants and therefore no other judgment could have been rendered.
This was erroneous. By the amendment the relief sought and all
that appellee was entitled to from the proof was to enforce his lien.
The appellants failing to establish any trust or to show that they
were the real owners were then entitled to pay off the balance of
the purchase money and obtain from the appellee a deed that he
proffered and was willing to make. This was the relief the appellee

asked and the proof showing the parol sale, a judgment to enforce the lien should have been rendered instead of a judgment for the land itself.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*Stewart & Stewart, for appellants.*

*T. T. Mann, for appellees.*